**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
***Southern Division***

| | | |
|---|---|---|
| **ROAD TO VICTORY, LLC,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Case No.: PWG-16-273** |
| **3rd AND LONG PRODUCTIONS, LLC,** | * | |
| **Defendant.** | * | |

* * * * * * * * * * * * * *

## MEMORANDUM OPINION AND ORDER

Plaintiff Road to Victory Productions, LLC ("Road") filed a Complaint in this Court seeking a declaration of its rights and obligations under a Licensing Agreement through which Defendant 3rd and Long Productions, LLC ("3rd and Long") granted Road a license to produce a movie based on the life of Jerry Wolman. ECF No. 1. According to 3rd and Long, Road's claims fall within the scope of an arbitration clause contained in the Licensing Agreement. Def.'s Mot., ECF No. 12. Having reviewed the filings, I find that a hearing is unnecessary in this case. *See* Loc. R. 105.6 (D. Md.). Because I must treat Defendant's Motion to Compel Arbitration as a motion for summary judgment and because no genuine dispute exists as to the validity or scope of the Arbitration Provision, I will grant the motion, order the parties to proceed to arbitration, and dismiss the case.

## Standard of Review

3rd and Long moves to compel arbitration under the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1–15. Congress enacted the FAA "to promote the enforceability of arbitration agreements and to make arbitration a more viable option to parties weary of the ever-increasing

'costliness and delays of litigation.' " *Saturn Distrib. Corp. v. Williams*, 905 F.2d 719, 722 (4th Cir. 1990) (quoting *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 220 (1985)). It "reflects 'a liberal federal policy favoring arbitration agreements.' " *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 500 (4th Cir. 2002) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)). If an issue is "referable to arbitration under an agreement in writing for such arbitration," then a stay is mandatory and a motion to compel must be granted. *Id.* (quoting 9 U.S.C. § 3). "Notwithstanding the terms of § 3, however, dismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable." *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709–10 (4th Cir. 2001).

Relevantly, "even though arbitration has a favored place, there still must be an underlying agreement between the parties to arbitrate." *Adkins*, 303 F.3d at 501 (quoting *Arrants v. Buck*, 130 F.3d 636, 640 (4th Cir. 1997)). Here, Road challenges the very existence of the Arbitration Provision, rather than its scope. *See* Pl.'s Opp'n 4. When a party moves to compel arbitration and the validity of the purported arbitration agreement between the parties is disputed, the motion is treated as one for summary judgment. *See Rose v. New Day Fin., LLC*, 816 F. Supp. 2d 245, 251 (D. Md. 2011); *see also id.* at 252 n.5 ("If the parties dispute the existence of an arbitration agreement, the court must 'hear the parties' on the issue, and the party alleged to have violated the arbitration agreement is entitled to a jury trial on the existence of an agreement. Standard summary judgment rules apply." (quoting 9 U.S.C. § 4 and citing *Shaffer v. ACS Gov't Servs., Inc.*, 321 F. Supp. 2d 682, 684 n.1 (D. Md. 2004))). Therefore, I will treat 3rd and Long's motion as one for summary judgment on the validity and enforceability of the Arbitration Provision. *See id.*

Summary judgment is proper when the moving party demonstrates, through "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials," that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c)(1)(A); *see also Baldwin v. City of Greensboro*, 714 F.3d 828, 833 (4th Cir. 2013). If the party seeking summary judgment demonstrates that there is no evidence to support the nonmoving party's case, the burden shifts to the nonmoving party to identify evidence that shows that a genuine dispute exists as to material facts. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 & n.10 (1986). A "genuine" dispute of material fact is one where the conflicting evidence creates "fair doubt"; wholly speculative assertions do not create "fair doubt." *Cox v. Cnty. of Prince William*, 249 F.3d 295, 299 (4th Cir. 2001); *see also Miskin v. Baxter Healthcare Corp.*, 107 F. Supp. 2d 669, 671 (D. Md. 1999).

The question here is "whether a contract to arbitrate was formed," and "unless there is no genuine issue of fact as to whether a contract was formed, the court must submit the question to the jury." *Galloway v. Santander Consumer USA, Inc.*, No. CCB-13-3240, 2014 WL 4384641, at *2 (D. Md. Sept. 3, 2014). In support of its position, 3rd and Long directs the Court's attention to the Licensing Agreement, which includes the Arbitration Provision at issue. Licensing Agreement § VI.G, Pl.'s Opp'n Ex. A., ECF No. 16-1. Thus, the burden is on Road to show that a genuine dispute exists as to the validity or enforceability of this written agreement. *See Matsushita*, 475 U.S. at 585–87 & n.10.

**Discussion**

An arbitration agreement only "is enforceable if it is a valid contract." *Caire v. Conifer Value Based Care, LLC*, 982 F. Supp. 2d 582, 591 (D. Md. 2013) (citing *Hill v. PeopleSoft USA, Inc.*, 412 F.3d 540 (4th Cir. 2005)). Further, "the presumption in favor of arbitration does not apply to questions of an arbitration provision's validity, rather than its scope." *Id.* at 593 (quoting *Noohi v. Toll Brothers, Inc.*, 708 F.3d 599, 611 n.6 (4th Cir. 2013)). "Courts apply 'ordinary state-law principles that govern the formation of contracts when assessing whether the parties agreed to arbitrate a matter.' " *Galloway*, No. CCB-13-3240, 2014 WL 4384641, at *2 (quoting *Noohi*, 708 F.3d at 607). Additionally, " 'generally applicable contract defenses, such as fraud, duress, [and] unconscionability, may be applied to invalidate' the arbitration policy." *Mould v. NJG Food Serv. Inc.*, 986 F. Supp. 2d 674, 678 (D. Md. 2013) (quoting *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 687 (1996)). Road insists that the Arbitration Provision is not a valid contract and, in any event, that another section of the licensing agreement exempts Road from the provision. Pl.'s Opp'n 4.

A contract exists under Maryland law where there is "mutual assent (offer and acceptance), an agreement definite in its terms, and sufficient consideration." *Spaulding v. Wells Fargo Bank, N.A.*, 714 F.3d 769, 777 (4th Cir. 2013) (quoting *CTI/DC, Inc. v. Selective Ins. Co. of Am.*, 392 F.3d 114, 123 (4th Cir. 2004)). Thus, "[a]s with any contract, the arbitration provision must be supported by adequate consideration in order to be valid and enforceable." *Caire*, 982 F. Supp. 2d at 591; *see also Raglani v. Ripken Prof'l Baseball*, 939 F. Supp. 2d 517, 522 (D. Md. 2013) ("Arbitration agreements, like all contracts, 'ordinarily require consideration.' " (quoting *Cheek v. United Healthcare of the Mid-Atlantic, Inc.*, 835 A.2d 656, 661 (Md. 2003))). Significantly, the "arbitration agreement must, within its four corners, contain

adequate consideration," as "courts are not permitted, when assessing the enforceability of an arbitration agreement, 'to go beyond the confines of the arbitration agreement itself and into an analysis of the validity of the larger contract.' " *Id.* (quoting *Cheek*, 835 A.2d at 664).

The Arbitration Provision at issue provides:

> Company [Road] and Licensor [3rd and Long] agree to have any dispute that arises from or relates to this Agreement, including any and all disputes that relate to the scope and effect of the release, waiver and further covenants, the Movie Rights, and including but not limited to publicity, or infringement of the copyright, decided only by binding arbitration in accordance with the rules of the American Arbitration Association (or a similar body agreed to by the parties) and not by court . . . .

Licensing Agreement § VI.G. By its terms, the Arbitration Provision applies with equal force to Road and 3rd and Long; however, Road argues that § IV.D undercuts the apparent mutuality of the Provision. Pl.'s Opp'n 4. That section requires 3rd and Long to remedy any contractual breach by Road by pursuing "an action at law for damages" through "the arbitration provisions of this Agreement." Licensing Agreement § VI.D.1. By contrast, the Agreement permits Road to remedy a contractual breach by 3rd and Long by "terminat[ing] this Agreement in its entirety" in addition to pursuing "any rights or remedies which it may have at law or in equity." *Id.* § VI.D.2. Road contends that the different remedies provided in the two subsections mean that 3rd and Long is bound by the Arbitration Provision, but not Road, meaning the arbitration agreement lacks mutual consideration. *See* Pl.'s Opp'n 4.

The distinction recognized in § VI.D is that, under the Licensing Agreement, contract termination and equitable relief are remedies available to Road, but not to 3rd and Long. Although § VI.D.2 makes no reference to arbitration, while § VI.D.1 does, the Arbitration Provision makes clear that "any and all disputes that relate to this Agreement" must be "decided by arbitration." *Id.* § VI.G. It would be contrary to contract-interpretation principles to read

§ VI.D.2's silence on arbitration as negating § VI.G's clear applicability to both parties. *See* Restatement (Second) of Contracts § 203(a) ("[A]n interpretation which gives a reasonable, lawful, and effective meaning to all terms is preferred to an interpretation which leaves a part unreasonable, unlawful, or of no effect."). Since § VI.D.2 provides no indication to the contrary, 3rd and Long can only pursue its "rights or remedies . . . at law or in equity" through the vehicle of arbitration. *See id.* As § VI.D.2 does not modify § VI.G's arbitration requirement, which applies equally to both parties, the arbitration agreement includes adequate consideration on both sides.

Road's second argument is that even if the arbitration agreement is enforceable, § VI.D.2, by its own terms, permits Road to vindicate its rights in court. *See* Pl.'s Opp'n 4 ("Even if [the Arbitration Provision] is valid, it does not restrict or apply to the Plaintiff's choice of remedies."). But as discussed *supra*, § VI.D.2's silence on the issue of arbitration implies that the Arbitration Provision governs remedies sought under that subsection.

Because Road has not met its burden of demonstrating a genuine dispute as to the validity or enforceability of the Arbitration Provision, 3rd and Long is entitled to summary judgment in its favor. *See Matsushita*, 475 U.S. at 585–87 & n.10; Fed. R. Civ. P. 56(a).

**ORDER**

Accordingly, for the reasons stated in this Memorandum Opinion and Order, it is this 7th day of December, 2016, hereby ORDERED that:

1. Defendant's Motion to Compel Arbitration and Dismiss or Stay Action, ECF No. 12, treated as a motion for summary judgment on the validity and enforceability of the Arbitration Provision, IS GRANTED as follows:

   a. The parties SHALL PROCEED to arbitration on Plaintiff's claims; and

b. Plaintiff's Complaint IS DIMISSED; and

2. The Clerk SHALL CLOSE this case.

/S/

Paul W. Grimm
United States District Judge

jlb